BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission.
Claimant, an illiterate laborer in his sixties, allegedly suffered an industrial accident in the course of his employment on March 7, 1969, resulting in hydrocell epidid-ymitis orchitis and low back injury. After the accident, claimant made some attempts to return to his usual employment but was unable to do the work. Representatives of the Department of Commerce Employment Service were of the opinion that claimant was unemployable. One doctor testified that claimant had no permanent disability as a result of the accident; another doctor testified that claimant had an overall 50% permanent partial disability of the body as a whole. This latter physician was of the opinion that the accident produced a 10% impairment of the body as a whole superimposed on a 40% pre-existing disability of the body as a whole.
The Judge of Industrial Claims found that claimant suffered a work-connected accident and was temporarily totally disabled up to July 22, 1969; that the employer-carrier should pay 10% penalty to claimant; that claimant reached maximum medical improvement on July 22, 1969, with a 50% permanent partial disability of the body as a whole.
The Full Commission reversed and remanded on the grounds that there was not sufficient competent evidence to support the finding of temporary total disability to July 22, 1969, and furthermore, that there are insufficient findings in the order to support a diminution of wage-earning capacity of 50%.
Claimant has petitioned this Court contending that the Commission has unlawfully substituted its judgment for that of the Judge of Industrial Claims on the question of temporary total disability and permanent disability.
After argument and upon examination of the record and briefs, we have determined that the Order of the Judge of Industrial Claims is supported by competent substantial evidence and contains sufficient findings of fact to support temporary total disability to July 22, 1969, and permanent partial disability of 50% of the body as a whole.
Claimant’s other contentions regarding attorney’s fees before the Full Commission and a cross-application for review seeking permanent total disability, are without merit.
Accordingly, certiorari is granted, the order of the Industrial Relations Commission is quashed and the cause remanded with directions to reinstate the Order of the Judge of Industrial Claims.
Petition for attorney’s fees is granted in the amount of $500.00.
It is so ordered.
ROBERTS, C. J., and ERVIN, Mc-CAIN and DEKLE, JJ., concur.